**MEI QI XIE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondents.**

No. 05–5820–ag.

United States Court of Appeals, Second Circuit.

May 22, 2006.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Bradley J. Schlozman, United States Attorney, Western District of Missouri, Lucinda S. Woolery, Assistant United States Attorney, Kansas City, Missouri, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Mei Qi Xie, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Patricia A. Rohan's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ determined that Xie testified inconsistently with his credible fear interview and failed to adequately corroborate his claims. Here, the record contains a verbatim transcript of Xie's credible fear interview, the questions presented to Xie directly address his fear of returning to China, there is no indication that Xie was reluctant to reveal information to the examiner, and it appears that a translator was present at all times and Xie confirmed his understanding of the proceedings by signing his name. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir. 2004) (establishing four factors to be assessed when considering inconsistencies between testimony and airport interview statements). Because the discrepancies between his interview and his testimony go to the heart of his claim of persecution, *i.e.,* his affiliation with the Falun Gong movement, the IJ appropriately relied on these three inconsistencies in finding Xie not credible.

The IJ also was reasonable in determining that Xie's weak testimony necessitated further corroboration. Because the lack of corroborating evidence is combined with proper inconsistency findings, it is an appropriate basis for a negative credibility determination.

Because the only evidence of a threat to Xie's life or freedom depended upon Xie's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, because Xie's CAT claim was based upon the same factual premise as his asylum and withholding claims, the IJ's denial of CAT relief based on adverse credibility was also proper. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).